# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

---

## BRIEF IN CHIEF

---

| Appeal Number | 20-2078 |
|---|---|
| Case Number | Everhart, et al. v. CYFD, United States District Court, State of NM, Honorable Robert Brack/Honorable Carmen Garza No. C:17-CV-01134-RB-CG |
| Parties filing Notice of Appeal | Everhart |
| Respondent | CYFD, et al |
| All prior or related appeals in this Court. | NONE |

**FOR THE APPELLANT:**

Max Houston Proctor
728 West Silver
Hobbs, New Mexico 88240
(575) 392-1521 Telephone
(575) 392-1522 Facsimile

**FOR THE APPELLEE:**

State of New Mexico
Children, Youth & Families Dept.
Bryan Evans
Atwood, Malone, Turner & Sabin
400 N Pennsylvania Ave # 1100,
Roswell, NM 88201
(575) 622-6221
(866) 257-7506

**REASONS FOR ORAL ARGUMENT;** The issues are complicated. The issues have continued over a ten year period. The Brief contains issues of Motion Preclusion. Motion for Summary Judgment and Constitutional issues involving family relationships.

e1

## TABLE OF CONTENTS

**Preliminary Statement**…………………………………………....    **3**

**Statement of the Issues**…………………………………………..    **4**

**Statement of the Case and Statement of the Facts** ……………    **5**

**List of Authorities** …..……………………………………………    **18**

**Summary of Argument** …………………………………………..    **19**

**Argument and Authority**………………………………………..    **22**

**Conclusion**………………………………………………………...    **37**

**Request for oral argument**………………………………………    **38**

**Judgment appealed from-Attachment**………………………….**Attached**

**Appendices with Numbers** …………………………………………**Attached**

**Record Proper with Docket Numbers** …………………………**Attached**

## PRELIMINARY STATEMENT

This Appeal is from the Order Adopting Chief Magistrate Judge's Proposed Findings and Recommended Disposition (*Doc # 154*), entered by The Honorable Carmen E. Garza, Chief United States Magistrate Judge. The Order Adopting the Findings of Fact and Recommendations (*Doc # 161*) was filed March 10, 2020 by Senior Judge Robert Brack, for the United States District Court of New Mexico. (*app#17,#20*)    Plaintiffs Donna and Harley Everharts' Answer and Objection to Proposed Findings and Recommended Disposition (the Objection), *(Doc. #157) (app.# 18)* was filed April 1, 2020, and Defendants New Mexico Children Youth and Family Services (CYFD), Dana Becker, and Evgenia Valderaz's *Response to Plaintiffs' Objection to Proposed Findings and Recommendations Disposition (Doc #158) (app.#19) (the Response)*, was filed April 15, 2020. In the PFRD, Judge Garza recommended the Everharts (*Motion for Issue Preclusion, Doc. #132) (app.# 9)* be denied, and Defendants' (*Motion for Summary Judgment and Memorandum in Support, Doc. #144)(app.#12)* be granted. In support of her recommendation that the Everharts' Motion for Issue Preclusion *(Doc # 132)(app.#9)* be denied, Judge Garza explained that the Everharts' failed to show the underlying "issue was necessarily determined" and "the Parties in the current action are not the same or were in privity with the Parties in the prior action." *(Doc. #132.) (app.#9)* Similarly, Judge Garza recommended dismissal of Everharts first three arguments against summary

judgment: Application of Rooker-Feldman Doctrine, claim preclusion, and issue preclusion, because "the state court litigation that the Everharts rely on has not achieved a final judgment." Judge Garza recommended that both the individual Defendants and CYFD be awarded summary judgment. The Everharts timely objected to the Chief Magistrate Judge's PFRD. Judge Carmen Garza, Federal Magistrate Court Judge, recommended a Disposition Denying the Motion for Preclusion filed by the Everharts. *(Doc. #154, ¶ 34.)(app.#17)* Judge Carmen Garza, Federal Magistrate Court Judge, recommended Summary Judgment be granted to the Appellees (Defendants). Judge Robert Brack, entered his Order Adopting Chief Magistrate Judge's Proposed Findings and Recommended Disposition, or on about June 10, 2020. *(Doc #161) (app.# 20)*

## STATEMENT OF THE ISSUES

I.    Motion for Issue Preclusion should have been granted for Judicial Economy as Facts of the case had already been established. *(Motion for Issue Preclusion, Doc # 132, ¶ 15 - A-aaaa) (Memorandum in Support, Doc#146)(Ex. A-B)(Fifth Judicial District Courts Findings of Fact and Conclusions of Law)(Ex. A)(Court of Appeals Decision #1) (Exhibit B)(app#9, #13)*

II.    Qualified Immunity, should not have been granted to DANA BECKER, because her conduct clearly violated established Law or Constitutional Rights. (*Motion for Issue Preclusion) (Doc #132, P. 15, (A-aaaa, and specifically) (H, O, R, S, V, X, Y, aa, bb, cc, dd, ee, ff, gg, hh-aaaa) (app.#9)*

III.   The Constitutional Rights of Familiar Association was clearly a Constitutional Right of the Everharts. *(Docketing Statement Doc. #010110367889, filed date06/29/2020).*

IV.    The Right to Procedural Process, and Substantive Due Process of the Everharts and their Children, was violated, from July 22, 2010, and continuing through the present date. *(Docketing Statement Doc. #010110367889, filed date 06/29/2020).*

## STATEMENT OF THE CASE AND STATEMENT OF THE FACTS

The Respondents-Appellants, Harley Everhart, Sr., and Donna Everhart, were married on February 4, 1983. They have remained Husband and Wife. During their marriage they had three (3) Children, namely: S.E. BOY I., a male born April 22, 1992, S.E. BOY II., a male born August 13, 2003 and S.E. GIRL, a female born March 26, 2008. *(Memorandum in Support, Doc.# 146) (Ex. A) (Fifth Judicial District Ct. Findings of Facts and Conclusions of Law) (Motion for Issue Preclusion, Doc #132, ¶15 a-aaaa) (app#9, #14)*

## **2010**

An Abuse and Neglect Complaint was filed on or about June 15, 2010 against the Plaintiffs, Donna J. Everhart and Harley Everhart Sr. The Everharts pled no contest to the allegations contained therein on or about August 3, 2010, which stated they failed to supervise and abandoned their minor Children which allowed their oldest Child, S.E. BOY I., to sexually abuse S.E. BOY II. The Petition alleged that S.E. BOY II., and S.E. GIRL were abused Children who have suffered or are at risk of suffering serious harm because of the action or inaction of Donna and Harley Everhart, pursuant to *§ 32A-4-2 (B)(1) NMSA 1978*. The Petition alleged that S.E. BOY II., and S.E. GIRL were neglected Children who were without proper parental care and control, or substance, education, medical or other care or control necessary for their well-being because of the faults or habits of Donna and Harley Everhart or the neglect or refusal of Donna and Harley Everhart, pursuant to *§32A-4-2(E)(3) NMSA 1978*. The Petition alleged that S.E. BOY II., and S.E GIRL were neglected Children who had been sexually abused when the Everharts knew or should have known about the abuse and failed to take reasonable steps to protect them from further harm, pursuant to *§32A-4-2(E)(3) NMSA 1978*. On or about August 19, 2010, the Honorable Gary L. Clingman entered an Order finding that S.E. BOY II., and S.E. GIRL were abused and neglected Children as defined in *§32A-4-2(B)(1), §32A-4-2(E)(2)* and *§32A-4-2(E)(3) NMSA 1978, (Motion for Issue Preclusion,*

*Doc.# 132, ¶ 15 a-f)(Memorandum in Support, Doc. # 146, ¶ #1-4, #1-38)(Fifth Judicial District Court's Findings of Fact and Conclusions of Law)(Ex. "A"), (app# 9, #14*) and transferred their custody to the Department for a period of up to two (2) years.   The Everharts were never convicted of any criminal crime and were never accused as sexual offenders. The Children, Youth and Families Department through Dana Becker, Individually, and personally as the Supervisor over the Everharts and Children, Youth and Families Department, entered into a mediation and reunification agreement dated July 8, 2010, and filed with the Court on July 19, 2010, for a reunification of the minor Children, S.E. BOY II., and S.E. GIRL with their parents.  On or about August 3, 2010 the Department filed with the Court a Family Treatment Plan.  The Family Treatment Plan and Reunification Plan was adopted and incorporated into its Judgment against the Everharts *(Motion for Issue Preclusion, Doc #132., ¶ 15, G – K)(Memorandum in Support, Doc #146., ¶ #8, #61-64)(Fifth Judicial District Court's Findings of Fact and Conclusions of Law)(Ex. A) (app#9,#14*) The Court's, Honorable Gary Clingman, Presiding, adopted the Department's Permanency Plan for Reunification for the family and held numerous judicial review hearings over the next year.   On July 11, 2010 the Hobbs Police Department Officer's executed a search warrant on the Everharts' home to seize computers and computer related equipment. When the officers arrived to execute the warrant they found S.E. BOY I., present at that time. *(Motion for Issue Preclusion,*

*Doc #132., ¶ 15, I) (Memorandum in Support, Doc. #146, ¶ #4., #30) (Fifth Judicial District Court's Findings of Fact and Conclusions of Law)(Ex. "A")(app #9, #13)*

Prior to S.E. BOY I., being found at the residence, the Everharts had scheduled visitation with the minor Children at Family Time Service Center in Hobbs, Lea County, New Mexico, working their reunification plan with the Department. After the incident with S.E. BOY I., the Everharts have not ever had their Children in their physical possession even though there has been at least two (2) reunification plans in place by the Department and the Everharts. *(Motion for Issue Preclusion, Doc #132., ¶ 15, H – N) (Memorandum in Support, Doc. # 146-¶ #4., #30) (Fifth Judicial District Court's Findings of Fact and Conclusions of Law)(Ex. "A") (app #9, #13)*

## JULY 2011

In May 2011, The Children, Youth and Families Department through its Supervisor, Dana Becker, personally found that the Everharts had remedied their issues and it was safe for S.E. GIRL to return home within three (3) months. The parents were granted unsupervised, overnight visitations with S.E. GIRL. The Children, Youth and Families Department through its Supervisor, Dana Becker, personally, indicated to the Court that within three (3) months from May 3, 2011 the Children should return to the parents' home and it was in the best interest of the Children to be reunited with their parents. *(Motion for Issue Preclusion, Doc #132., ¶ 15, O – S)*

*Memorandum in Support, Doc. # 146-¶ #70, #76, #78, #86) (app #9, #14) (Fifth Judicial District Court's Findings of Fact and Conclusions of Law) (Ex. A) (app #9, #14)* On or about July 19, 2011, the Court received evidence from the Hobbs Police Department, Detective Dominquez, regarding evidence located on the white computer, taken from the Everharts' home that contained images of what appeared to be child pornography. On or about August 16, 2011, *(Motion for Issue Preclusion, Doc #132., ¶ 15, T-V) (Memorandum in Support, Doc. # 146, ¶ #87-#93) (Fifth Judicial District Court's Findings of Fact and Conclusions of Law) (Ex. A) (app #9, #14)* Thereafter Department changed the permanency plan from reunification to adoption. On or about July 19, 2011, by Judicial Order of Judge Gary L. Clingman, Presiding, the minor Children were removed from any, and all contact with the Everharts, as to S.E. GIRL. She has remained in foster care, and the Everharts have not seen her since July 17, 2011. As to S.E. BOY II., he has remained in treatment centers, and the Everharts, on a limited basis, have been able to see S.E. BOY II. On or about September 27, 2011, the State of New Mexico filed a Petition for Termination against the Everharts, alleging that the Everharts could not be rehabilitated, and that the Everharts had not followed the Treatment Plan of the Department, and it was not in the best interest of the minor Children, to be reunified with the Everharts. *(Motion for Issue Preclusion, Doc #132., ¶ 15, Q – X) (Memorandum in Support, Doc. # 146, ¶ #91.) (Fifth Judicial District Courts*

*Findings of Fact and Conclusions of Law) (Ex. A) (app #9, #14)* Visitation with the minor Children was terminated upon the assumed facts, that there was child pornography upon the home computer of the Everharts, during the time of the abuse and neglect of the minor Children. Subsequent investigations of the allegations of child pornography on the home computer of the Everharts, were not substantiated by any personnel of the State of New Mexico or the Guardian Ad Litem for the minor Children, or the Hobbs Police Department, for the City of Hobbs, or any Federal agents. The Everharts, were not charged with any crime. (*Memorandum in Support, Doc. # 146 P. #10, #11, #30, #31) (Ct. of Appeals Opinion #1) (Ex. B) (app #14)* The State of New Mexico, through the Order of Judge Gary L. Clingman, suspended any, and all Treatment Plans, with the Everharts, and no Treatment Plans have been worked through the State of New Mexico Children Youth & Families Department with the Everharts. *(Motion for Issue Preclusion, Doc #132., ¶ 15, a-aaaa) (app #9)*

## **2012**

On or about January 3, 2012 a termination hearing was set to go to trial; however, was continued by CYFD and the Department as the employees and Supervisor Dana Becker, had to attend a mandatory training. *(Motion for Issue Preclusion, Doc # 132, ¶ #15 - Y) (app #9)* Motions for immediate contact by the Everharts were filed, on or about January 3, 2012, after the State of New Mexico and Children Youth & Families Department, cancelled their Termination of Parental Rights hearing, with

consent of the Court. On or about March 2012, the Department filed a Family Treatment Plan toward reunification to require the Everharts to participate in individual therapy, sexual abuse awareness with a desired outcome being for the Everharts to maintain healthy and appropriate boundaries surrounding the issues and sexual abuse. *(Motion for Issue Preclusion, Doc # 132, ¶ #15 cc) (Memorandum in Support, Doc # 146, ¶100) (Fifth Judicial District Courts Findings of Fact and Conclusions of Law) (Ex. A) (app #9, #14)* Thereafter a periodic Judicial Review, was held on March 12, 2012, by the Honorable William G.W. Shoobridge, Presiding. On March 18, 2012, the Court entered an Order submitted by the Children, Youth and Families Department, Dana Becker, Supervisor, and individually, that grounds do not exist for termination of parental rights because existing evidence is insufficient to meet the burden of proof. A Custody Order was entered on March 27, 2012, continuing the legal and physical custody over the minor Children to the Children Youth & Families Department. *(Memorandum in Support, Doc #146, ¶ #101, #102) (Ex. A) (Fifth Judicial District Courts Findings of Fact and Conclusions of Law)(Ex. A) (app #13)* A Petition for Termination was again reset to July 23, 2012, by the Honorable William G.W. Shoobridge, Presiding. Prior to the termination hearing, the Everharts, Attorneys filed a Motion for Summary Judgement, setting forth that the Petition for Termination should be dismissed, for the reason, that the State of New Mexico Children Youth & Families Department

had failed to work a Treatment Plan, rehabilitate and reunify the Everharts with their minor Children. The Motion further stated that the State of New Mexico Children Youth & Families Department, could not prove by clear and convincing evidence, that termination was appropriate and that the Everharts had not completed a Treatment Plan. Again, on July 23, 2012, the Non-Jury Trial for Termination of Parental Rights was cancelled, due to non-availability of Dr. Will Parsons, a Psychologist appointed by the Court to testify, in the termination proceeding. CYFD, Dana Becker, Supervisor, and Caseworker, had changed goals again.

The Petition for Termination hearing was again set for September 13, and 14, 2012. *(Motion Issue Preclusion, Doc # 132) (Memorandum in Support, Doc. #146, ¶#100 - #104) (Fifth Judicial District Courts Findings of Facts and Conclusions of Law) (Ex. A) (Court of Appeals Opinion #1, P. 8 -10)(Ex. B) (app #9, #14)* A Stipulated Motion and Order for Continuance was granted by Honorable William G. W. Shoorbridge, Presiding, for the reason that the State of New Mexico Children Youth & Families Department, represented that they would again work a Treatment Plan with the Everharts. An adoptive placement was withdrawn by the State of New Mexico Children Youth & Families Department, over the minor Child, S.E. GIRL. *(Memorandum in Support, Doc.#146 ¶ #105, #108, #109, #110)(Fifth Judicial District Courts Findings of Fact and Conclusions of Law )(Ex. A) (app #14)*

## 2013

From September 2012, to February 2013, none of the Parties made any movement on the case. On March 18, 2013, The Court entered an Order by agreement of Parties, Children, Youth, and Families Department and Dana Becker, individually, and personally, that Ted Woolridge, Therapist and Counselor, would be assigned as the family therapist with the goal of family reunification. *(Memorandum in Support, Doc.#146, ¶#110, #111, #112) (Fifth Judicial District Courts Findings of Fact and Conclusions of Law) (Ex. A) (app #14)* Ted Woolridge, Mental Health, Clinician, and Agent for the State of New Mexico Children Youth & Families Department, and Dana Becker, did nothing to reunify the Family. On or about June 4, 2013 the Everharts requested a hearing before the Court to require the Department to move forward with their reunification plan because they had not seen their Children, and Ted Woolridge had done nothing to reunify the family. *(Motion for Issue Preclusion, Doc. #132 ¶#15 dd – hh) (Memorandum in Support, Doc. #146, ¶ #116) (Fifth Judicial District Courts Findings of Fact and Conclusions of Law) (Ex. A) (app #9, #14)* A review hearing was set on December 17, 2013 at which time the Court announced that the Everharts had complied with the recommendations of the treatment plan in effect. *(Memorandum in Support, Doc. #146) (Fifth Judicial District Courts Findings of Fact and Conclusions of Law)(Ex. A) (app #13)* The State of New Mexico Children Youth & Families Department, announced on

December 17, 2013, once again, that they were going *to file an Amended Petition for Termination* and that reunification was not in the best interest of the minor Children, S.E. GIRL and S.E. BOY II. *(Motion for Issue Preclusion, Doc.# 132 ¶ #15, jj - ii) (Memorandum in Support, Doc. #146, P.  #14 - #16)(Fifth Judicial District Courts Findings of Fact and Conclusions of Law)(Ex. A)(Court of Appeals Opinion # 1)(Ex. B)  (app #9, #14)* The Everharts had regular therapy sessions with S.E. BOY II., throughout this time, but the Agency prevented them from seeing S.E. GIRL.  A Permanency Hearing was held on December 17, 2013, at which time the Court Ordered no more visitation with S.E. BOY II., stopped family therapy, and appointed a Rule 706 Expert. *(Memorandum in Support, Doc#146, # 211)(Fifth Judicial District Courts Findings of Fact and Conclusions of Law) (Ex. A) (app. #14)* The Court appointed Dr. Mark Caplan, Psychiatrist, to perform psychological evaluations on the Everharts prior to a trial for termination.    Thereafter, the Honorable William G.W. Shoobridge withdrew from the case, and the Honorable Raymond Romero was assigned to the case.    *(Motion for Issue Preclusion, Doc. #132, ¶ #15 FFF – GGG) (Memorandum in Support, Doc. #146) (Ex. B)(Court of Appeals Decision #1, P. 14 – 16) (app #9, #14)*

## 2014

From December 17, 2013, through December 8, 2014, there were no reunification plans or treatment plans worked by Dana Becker, at CYFD with the

Everharts. Despite the Court ordered Psych evaluation showing no remaining issues

for the Everharts. The Psychiatrist, Dr. Marc A. Caplan, recommended reunification

of S.E. GIRL with the Everharts. The Everharts did not see S.E. GIRL and S.E.

BOY II., for one (1) whole year. The Honorable Raymond Romero, was assigned

to the case on December 8, 2014. CYFD had now found a new adoptive home for

SE GIRL, despite Court-ordered psych evaluation, showing no remaining issues for

the Everharts. *The Court set a hearing on February 24 – 25, 2015, upon the*

*Amended Motion for Termination of Parental Rights. (Motion for Issue Preclusion,*

*Doc.#132, P.15 JJ – KK)(Memorandum in Support, Doc. #146)(Fifth Judicial*

*District Courts Finding of Fact and Conclusions of Law, ¶ #122 -#124)(Ex. A),*

*(Court of Appeals Opinion # 1, P. #13 - #15)(Ex.B)(app#9, #13, #14)*

## **2015**

The State of New Mexico Children Youth & Families Department filed an

Amended Motion for Termination of Parental Rights, on or about January 15, 2015.

Trial was held on March 25-26-27. (*Motion for Issue Preclusion, Doc.#132,P. 15*

*KK – LL) (app#9)* The Trial Court terminated the parental rights of the Everharts

over SE GIRL, on or about August 18, 2015. *(Motion for Issue Preclusion, Doc.*

*#132, P.15 mm) (app #9)* The Trial Court made Findings of Fact which were not

disturbed by the Court of Appeals of the State of New Mexico. *(Memorandum in*

*Support, Doc # 146), (Fifth Judicial District Courts Findings of Fact and*

*Conclusions of Law, ¶ #1 - #166) (Ex. A.),* by Honorable Ray Romero, *(Court of Appeals Opinion # 1.) (Ex. B)(app #14)*

## **2016**

The case was on Appeal with the Court of Appeals and continued from August 18, 2015, through June 8, 2017, when the Court of Appeals reversed the Termination of Parental Rights over S.E.GIRL. The Everharts had not seen their Children from August 18, 2015 through June 8, 2017. The Trial Court made Findings of Fact which were not disturbed on Appeal except for the legal Conclusion that termination was not lawful. *(Memorandum in Support, Doc #146)(Fifth Judicial District Courts Findings of Fact and Conclusions of Law) (Ex. A), (Court of Appeals Opinion 07/26/2017)(Ex. B) (app #14)*

## **2017**

The Trial Court held that the Everharts did not abandon their Daughter S.E. GIRL. *(Memorandum in Support, Doc#146) (Court of Appeals Opinion #1) (Ex. B) (app #14)* The Court of Appeals overturned the Termination and remanded the case to Trial Court for a Custody Determination as to what was in the best interest of the SE GIRL. *(Memorandum in Support, Doc. #146) (Ex. B) (Ct. of Appeals # 1.) (app#14)*

## 2018

The District Court held a hearing and ordered that the custody of SE GIRL should remain with her foster parents, because the parent/child relationship had been destroyed, because of the lack of contact with the minor Child, SE GIRL, with the Everharts. The Court of Appeals held that the Everharts did not abandon their minor Children, S.E. BOY II. S.E. GIRL. *(Memorandum in Support, Doc#146)( Ex. B) (Court of Appeals # 1). (app #14)*

## 2019

The Everharts appealed that decision to the *(Court of Appeals, Decision #2),* and the Court of Appeals held that what was in the best interest of the minor Child, S.E. GIRL, was to stay with the foster parents. *(Memorandum in Support, Doc. #146) (Ct. of Appeals Decision #2 P.3.,12/27/2019)( Ex. B) (app #14)* At the present time, S.E. BOY II., is still in the legal and physical custody of CYFD, and legal proceedings are continuing in District Court. At the present time CYFD still has the legal and physical custody of the minor Child, S.E. GIRL, and she is in the custody of the foster parents, and CYFD plans to terminate the rights of the Everharts. Legal proceedings are continuing at the present time, in the Fifth Judicial District Court, and Judge Raymond Romero has retired. The Everharts filed their *(Second Amended Complaint, Doc.#109) (06/25, 2019)(app#7)*, in the United States District Court for the District of New Mexico. The Everharts filed their *(Motion for Issue Preclusion,*

*Doc#132.), (app #9)* against CYFD, and DANA BECKER, Supervisor, and Caseworker, because of the Undisturbed (*Fifth Judicial District Courts Findings of Fact and Conclusions of Law*), *(Memorandum in Support)(Doc#146) (Ex.A - B) (Court of Appeals Decision #1),(Ex B)(Fifth Judicial District Courts, Findings of Fact and Conclusions of Law) (Ex. A) (app #14) The Motion for Issue Preclusion* asks the Federal District Court for the State of New Mexico, to adopt the Undisturbed *Fifth Judicial District Court of New Mexico Findings of Fact and Conclusions of Law* and the Undisturbed Findings of Facts and Opinions in the New Mexico *(Court of Appeals Decision #1).*

## **LIST OF AUTHORITIES**

1. §42 USC 1983 *P.22*
   *§32A-4-2 (B)(1) NMSA 1978   P.5*
   *§32A-4-2 (E)(2) NMSA 1978   P.5*
   *§32A-4-2 (E)(3) NMSA 1978   P.5*

2. *Anderson v. Creighton*, 438 U.S. 635, 639-640(1987); *P.23*

3. *Callahan v. United Gov't of Wyandotte Civ.* 806 F.3d 1022, 1027 (10th Cir. 2015); *P.24*

4. *Casey v. W Las Vegas Independent School District*, 473 F. 3d, *P.23, 27*

5. *Graves vs. Thomas* 450 F.3d 1215, 1218 (10th Cir. 2006) (NMSA 32 a-4-22 (C) (1978 with Amendments) *P.24*

6. *Griffin v. Strong* 893 F.2d 1544, 1547 (10th Cir. 1993) *P.23, 27*

7. *Holland v. Harrington*, 268 F.3d 1179, 1186 (10th Cir. 2001) *P.25, 28*

8.  *Malik v. Arapahoe County of Social Services*, 191 F3., 1306, CO, 1999 *P.24,26, 27, 29*

9.  *Martinez v. Uphoff,* 265 F.3d 1130, 1134, (10th Cir, 2001) *P.25*

10. *Merrill Lynch Bus. Fin. Servs. v. Nudell*, 363 F.3d 1072, 1074-75 (10th Cir. 2004) *P.19*

11. *P.J. ex rel. Jensen vs. Wagner* 603 F. 3d 1182, 1193 (10th Cir. 2010) *P.20, 23, 27*

12. *Park Lake Res. Ltd. Liab. Co. vs. U.S. Dep't. of Agric.*, *378 F. 3d 1132, 1135, (10th Cir. 2004) P.17*

12. *Parklane Hosiery Co., Inc. v. Shore,* 439 U.S. 322, 329 (1979) *P.18*

13. *Pearson vs. Callahan*, 555 U.S. 223, 231 (2009) *P.23*

14. *Schwartz v. Booker* (702 F.3d 573, CO.) (10th Cir 2012) *P.23*

15. *Spillman v. Hildebrandt* 873 P2nd 1377, 1385 *P.24*

16. *Stanley vs. Gallegos* 852 Fed 3d 1210 1211 (10th Cir. 2017) *P.23*

17. *Thomas v. Kaven,* 765 F. 3d 1183, 1195 (10th Cir. 2014) *P.23, 24, 26, 27, 29*

18. *Walton v. Gomez (estate of Booker)* 745 Fd. 3d., 405, 411 10th Cir. 2014 *P.23*

19. *White v. Pauly* 137 S. ct. 548,552 2017) *P.23*

20. *Wilson vs. Herzog* 2019 U.S. Dist. LEXIS 48429 (D. Utah February 27, 2019) *P.20, 21*

21. *Zane v. Kramer* 195 F. Sup. 3d, 1243 (W.O. OK.) 2016  *P.24, 26*

## **SUMMARY OF ARGUMENT**

The Everharts filed their Motion for Issue Preclusion, to include the material

facts and procedural history which should be adopted by this Court. Attached hereto and made a part of this Brief in Chief are the facts as found by the Fifth Judicial District Court on July 16th, 2015, *(Memorandum in Support, Doc. #146) (Ex. A), and the (Court of Appeals Decision #1.) (Ex. B) (app #14)* for the State of New Mexico regarding the above, entitled case.    After Appeal #1., the Court of Appeals of the State of New Mexico remanded the case for a determination of what was in the best interest of S.E. GIRL, after overturning the judgment by the Fifth Judicial District Court for termination of the parental rights of S.E. GIRL, *(Memorandum in Support, Doc. #146) (Court of Appeals Decision No. 35064, 07/26/2017). (Ex. B) (app #14)* The facts set forth in the *(Motion for Issue Preclusion*, Doc.#132, ¶ 15-a-aaaa) *(app #9)* are the facts that this Court and or a Jury in this case, should consider. *(Motion for Preclusion, Document # 132, ¶15 a-aaaa) (app #9)* The Fifth Judicial District Court's Honorable Ray Romero, Presiding, made specific Findings of Fact and Conclusions of Law, as set forth, also, in the Motion for Preclusion, filed by the Everharts. The Court of Appeals in its Decision of July 26, 2017, made no specific Conclusions of Law, with regard to the violation of due process, substantive due processes, and family relationships, guaranteed by the Constitution and chose not to address those issues *(Memorandum in Support, Doc. #146, P. #2, #4, #5) (Court of Appeals Decision #1) (app #14)*    The issues as set forth in the Plaintiffs' Amended Complaint were never addressed by the Fifth Judicial District Court, nor the Court

of Appeals for the State of New Mexico. The only issues addressed were what was in the best interests of the minor Child S.E. GIRL, after remanding and overturning the termination of parental rights. *(Memorandum in Support, Doc #146) (Ex. B) (Court of Appeals Decision #1) (app #14)* In the Court of Appeals Decision of December 27, 2019, (Court of Appeals #2.) the Defendants concede that the Court recognized that the biological parents have fundamental rights but noted that the best interest of the Child takes precedence over those rights. The Court of Appeals never decided the issues of due process, substantive due process, violation of familial Constitutional Rights by the Parents in its decision of December 27, 2019 *(Memorandum in Support, Doc. #146) (Court of Appeals #2) (Ex. D – G) (app #14)* The Court of Appeals has never addressed a violation of the Plaintiffs due process rights, substantive due process rights, or familial relationship Constitutional Rights, or statutory violations of Children Youth and Families Department, Supervisor Dana Becker. The United States District Court for the State of New Mexico has chosen to deny the *Motion for Issue Preclusion* and Granted a *Motion for Summary Judgment* without addressing the claims of the Everharts. *(Doc #161)* (app# 20) (Order of Honorable Robert Brock) *(Order Adopting Report and Recommendations Disposition, Doc. #161, #154,(app#17, #20) Honorable Carmen Garza)*

## ARGUMENT AND AUTHORITY

### I.
### MOTION FOR ISSUE PRECLUTION

The Everharts agree that Congress expressly mandated a doctrine of a Federal Court's Issue of Preclusion of valid States-court Judgments. (See *Full Faith and Credit Act*) (*U.S.C. § 1738.*) The Everharts also agree that *Res Judicata* is a judicially created doctrine designed to relieve the Parties of the costs of defending multiple lawsuits, conserve judicial resources, and encourage reliance on adjudication by preventing inconsistent decisions. *Park Lake Res. Ltd. Liab. Co. vs. U.S. Dep't. of Agric.*, *378 F. 3d, 1132, 1135, (10th Cir. 2004).* The Defendants Memorandum states that both issue preclusion and claim preclusion bar the Amended Complaint filed by the Everharts. The claim preclusion and issue preclusion can be a barrier to both sides of any litigation. The Everharts agree that the State-District Court's July 16, 2015 Orders, are final judgments. (*Memorandum in Support, Doc.#146) (Ex. A- B); (Fifth Judicial District Courts Findings of Fact and Conclusions of Law) (app #14)* followed by New Mexico Court of Appeals, *(Court of Appeals Decision #1), (Ex. B)* Because the issue of claim preclusion applies to both litigants. The ruling by the Court of Appeals Decision No.#1., precludes the Defendants from attacking Findings of Fact and Conclusions of Law, and the Opinion of the Court of Appeals, overruling the termination of the Parties parental rights. The Everharts' agree that claim preclusion bars the Everharts and

the Defendants from claims that were raised and specifically rejected in the state-court action of August 18th, 2015. The claims of Constitutional violations of due process, substantive due process, familial relationships, were never raised and were specifically not addressed by the Court of Appeals Decision #1, and the Court of Appeals Decision #2. The claim preclusion as espoused by the Defendants, does not bar the Everharts from proceeding with their Amended Complaint against the Defendants. As the Defendants state in their Memorandum, Issue Preclusion can be used either defensively or offensively. Both the offensive and defensive use situations prevent the party whom the estoppel is asserted against and has litigated and lost in an earlier action from litigating the facts again. *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 329 (1979). The Defendants do not set forth in their Memorandum that they were the loser in the Appeal in the Court of Appeals first decision, where the Court overruled the Fifth Judicial District Court, upon a judgment of termination of parental rights over the Everharts. *(Memorandum in Support, Doc. #146) (Court of Appeals Decision #1) (Ex. B)(app #14)* The Defendants are issue precluded from the Findings of Fact and Conclusions of Law, found by the Fifth Judicial District Court, in favor of the Everharts, and the Court of Appeals first decision, *(Memorandum in Support, Doc. #146) (Ex. A - B) (app #14)*. The Findings of Fact made by the District Court and affirmed by the Court of Appeals, precludes Defendants from litigating the facts of whether DANA BECKER

and CYFD violated the Constitutional Rights of the Everharts, including but not limited to due process, substantive due process, and familial association. (*Memorandum in Support, Doc. #146) (Ex. A – B) (app #14)* The Fifth Judicial District Courts judgment was that there was a termination because the parents abandoned their minor Children, which was overruled by the Court of Appeals Decision #1. Furthermore, the Court of Appeals Decision unequivocally sets forth that the Plaintiffs did not abandon their minor Children and the disintegration of the parent child relationship was not because of their actions. The (*Court of Appeals Decision #1.)*, clearly refutes the Findings of Fact as filed by the Defendants in their *(In Support of Motion for Summary Judgment, Doc.# 145)(app#11, #12)* The *(Court of Appeals Decision #1)*, clearly refutes that the Everharts watched pornography with their six (6) year old son and took pictures of him naked. (*Memorandum in Support, Doc. #146) (Ex. B)(The Court of Appeals Decision #1.) (app #14)*, clearly sets forth that the absence of the Parents from their Children caused the disintegration of their Parent / Child relationship. The Findings of Fact of the Fifth Judicial District Court, and the Court of Appeals Decision #1, clearly sets forth the conduct of Dana Becker, Individually and as a Supervisor and Caseworker for CYFD. (*Memorandum in Support, Doc.#146) (Ex. A – B) (app #14)*

## THE ROOKER- FELDMAN DOCTRINE IS NOT APPLICABLE

The Plaintiffs' agree that the Rooker-Feldman doctrine establishes, as a matter

of subject matter jurisdiction, that only the United States Supreme Court has the appellant authority to review States-court Decision. "*Merrill Lynch Bus. Fin. Servs. v. Nudell*, 363 F.3d 1072, 1074-75 (10th Cir. 2004). The Everharts' also agree that the Rooker- Feldman doctrine prohibits federal suits that amount to appeals of the States-Court's judgments. The Everharts also agree that in applying the Rooker-Feldman doctrine, the Court focuses on whether the lower Federal Court if it adjudicated the Everharts claims would effectively act as an appellant Court reviewing the States-court disposition. *Nudell,* 363 F. 3d at 1075. The Everharts also agree that the doctrine also precludes lower Federal Courts from effectively exercising Appellant jurisdiction over claims actually decided by States-court and claims inextricably intertwined with a prior States-court judgment. *P.J. ex rel. Jensen vs. Wagner* 603 F. 3d 1182, 1193 (10th Cir. 2010).

> "A claim is inextricably intertwined if the state-court judgment caused, actually and proximately, the injury for which the federal-court Plaintiff seeks redress."

The Everharts' injuries were not caused by the State District Court's Judgment of Termination issued on August 18, 2015. The Everharts' injuries were not caused by the Court of Appeals Decision #1and #2, which remanded the Court to the State District-Court for a decision upon the custody of the minor Child, S.E. GIRL. The Everharts' are not appealing the decision of the Court of Appeals Decision #1., (*Memorandum in Support, Doc. #146) (Ex.B) (app #14)* The State Court (Court of

Appeals) overturned a termination of their parental rights. The Everharts did not lose their Appeal, as The Court of Appeals for the State of New Mexico (*See Court of Appeals, Decision#1, Doc. #146)(Ex.B) (app #14)*, overturned the Fifth Judicial District Court's Judgment of Termination. To the contrary, the Everharts won that Appeal and the Court of Appeals remanded back to the Fifth Judicial District Court for a Custody Determination. The Everharts Complaint is not an Appeal of that Decision, by the Court of Appeals, or the Fifth Judicial District Court. The Defendants cite *Wilson vs. Herzog* 2019 U.S. Dist. LEXIS 48429 (D. Utah February 27, 2019) for the authority that bars the Everharts' claims because the Everharts' injuries were caused by the States-Court Judgments removing the Child,S.E. GIRL, from her Parent's custody and terminating the Everharts familiar rights. The *Wilson* supra. case is distinguishable from the case at bar. The Everharts in the above entitled case were never terminated of their paternal rights. Furthermore, prior to the termination decision, by the Fifth Judicial District Court, the Everharts' had been in the process of working two treatment plans with CYFD without visitation with their minor S.E. GIRL and S.E. BOY II., over a five (5) year period. Furthermore, the Court of Appeals Decision #1., and Court of Appeals Decision #2, did not address the violations of Constitutional Rights suffered by the Everharts as a result of DANA BECKER'S actions and or CYFD, by not following the Statues of the State of New Mexico for reunification of the minor Children, S.E. GIRL and S.E.

BOY II., prior to the termination decision by the Fifth Judicial District Court. *(Memorandum in Support, Doc.#146) (Ex. A – B) (app #14)* The Court of Appeals Decision #1, Unequivocally sets forth that the disintegration of the parent child relationship was not caused by the Everharts, but by the long absence of the Children, S.E. GIRL and S.E. BOY, from the Everharts. *(Memorandum in Support, Doc #146) (Court of Appeals Decision #1, P. #34 - #37) (Ex. B) (app #14)*

> "We are deeply troubled by the fact that all visitation, including, supervised visitation, with Daughter was revoked based on an allegation, and withheld for years while CYFD attempted to substantiate that allegation.   What is even more troubling is the fact that this separation allowed Daughter to lose all memory of Respondents after years of no contact".

CYFD then used the same lack of contact as the primary basis for asserting a disintegration of the parent-child relationship in order to terminate Respondents' parental rights because of abandonment. Respondents repeatedly petitioned the district court to allow visitation and even predicted that the lack of visitation could damage the parent-child relationship." *(Memorandum in Support, Doc. # 146) (Ex. B) (Court of Appeals Decision #1) (app #14)* The Defendants (CYFD) wants this Court to focus on what occurred and decisions made by the Fifth Judicial District Court after the Court was overruled on the issue of termination when the case was remanded back to the Fifth Judicial District Court. *(Motion in Summary Judgment, (Doc.# 144)(app #12)*. The violations of the Everharts' Constitutional Rights and the damage flowing from those violations occurred prior to the Judgment for

Termination of Parental Rights, and the Remand by the Court of Appeals. The issues of Constitutional violations are still outstanding as is set forth in the Plaintiff's Amended Complaint and have never been addressed by the Courts. *(Memorandum in Support, Doc.#146) (Ex. B) (app #14)* The Rooker-Feldman doctrine is not applicable to the Plaintiffs' Amended Complaint because the State-Courts for the State of New Mexico did not adjudicate the Plaintiffs claims of a violation of due process, substantive due process, and violation of a familial association. The facts and circumstances occurring after the Fifth Judicial District's Judgment of Termination of Parental Rights are not relevant as the Defendants and Dana Becker were placing S.E. GIRL for adoption as the Parent/Child Relationship had been destroyed. There is no State-Courts Judgment which was rendered against the Plaintiffs which they have appealed to the above entitled Court. The Court of Appeals Decision #1 and #2, has not been appealed by either party. *(Memorandum in Support, Doc. #146) (Ex. B -G) (app #14)* Because the Issues of Preclusion apply to both Parties, the Rulings by the Court of Appeals Decision #1, precludes the Defendants from attacking Findings of Fact and Conclusions of Law, and Opinion of the Court of Appeals overruling the termination of the Everharts parental rights. (*See Parklane, supra at 329*) The violation to the Everharts civil rights was prior to the Fifth Judicial District Courts hearing for termination of the Everharts parental rights on August 18, 2015.

## II.
## QUALIFIED IMMUNITY

Individual Defendants are not entitled to Qualified Immunity as *§ 42 USC 1983* Authorizes suits against persons acting under color of state law, for violations of rights granted by Federal Law.  See *Stanley vs. Gallegos* 842 Fed 3d 1210 1211 (10th Cir. 2017).  The Everharts recognize the doctrine that the Defendants are not personally liable for every violation of such rights.  However it also recognizes when there is a violation of Federal Law, Constitutional Rights, the unlawfulness of their actions if clearly established when they acted precludes them from qualified immunity. *Pearson v. Callahan* 555 U.S. 223,231 (2009); *Casey v. W. Las Vegas Independent School District* 473 F. 3d; (10th Cir.) N.M. 2006; *White v. Pauly* 137 S. Ct. 548, 552, (2017)  The Everharts recognize the burden of carrying a two-part burden,

> "That the Defendants actions violated a Federal Constitution or statutory right, and if so, that the right was clearly established at the time of the Defendants unlawful conduct." *Walton vs. Gomez (Estate of Booker)* 745 Fed. 3d., 405 411 (10thCir. 2014)" (emphasis added).

The actions of Dana Becker and CYFD violated a Federal Constitution or Statutory Right and those rights were clearly established at the time of the unlawful conduct by Dana Becker, Individually, which actions were prior to the termination of parental rights by Judge Ray Romero, of the Fifth Judicial District Court, County of Lea,

State of New Mexico. *Anderson v. Creighton, 483 U.S. 635, 639-640(1987); Schwartz v. Booker* (702 F.3d 573, CO.) (10th Cir. 2012).    The case of *Thomas v. Kaven* 765 F. 3d 1183 (2014) (10th Cir. 2014) was decided by the United States Court of Appeals and held that "the governments forced separation of parent from child, even for a short time, represents a serious impingement on the parent's rights to a familial association; that a parent must allege "intentional interference with this right, that is the Defendant must have directed conduct at the familial relationship with knowledge that the statements or conduct would adversely affect that relationship" *PJ Exrel Jensen v. Wagner* 603 F. 3d 1182, 1196-97 (10th Cir 2010). *Thomas v Kaven* goes on to state that the family association right is grounded in substantive due process, arising from allegations of abusive government authority. *Griffin v. Strong* 983 F. 2d 1544,1547 (10th Cir. 1993). Prior to the Judgment of the District Court (Later overturned by the *Court of Appeals Decision #1*) (*Memorandum in Support, Doc. #146) (Ex. B) (app #14),* termination of the parental rights S.E. GIRL, the familial relationship through substantive due process was recognized by the 10th Cir. (pursuant to *Thomas v. Kaven* 765 F. 3d 1183 (2014), *Malik v. Arapahoe County of Social Services, 191 F3, 1306, CO, 1999, (Ct. of App. 10th Cir. 1999); Zane v. Kramer* 195 F. Supp. 3d, 1243 (W.O. OK.) 2016. *Malik, supra* also recognized the constitutional claims of depravation of rights to familial association, privacy, counsel, freedom from unlawful searches and seizures and due

process and conspiracy to deprive the people of those rights by outrageous conduct. *Graves v. Thomas* 450 F.3d 1215, 1218 (10th Cir. 2006) (NMSA 32 A-4-22 (C) (1978 *with Amendments)* Therefore, at the time of the conduct of CYFD and Dana Becker, Individually, there were clearly established rights under the Constitution for violations of the Familiar and Constitutional Rights of the Everharts and their Children.    In both, of the cases cited by the Plaintiffs above, *(Thomas, Supra); (Malik, Supra*) there was an unreasonable withholding of minor Children, by a governmental entity, that interfered with the familial association of legal due process, and substantive due process of the Parents.    *Spillman v. Hilldebrand, 873 F.2d 1377, 1385.* The Everharts, by and through the above entitled cited cases have proven there Two-Part Burden where there was a Constitutional or Statutory Right being in existence and a right being clearly established at the time that Dana Becker, Individually, violated Statutory and Constitutional Rights of the Everharts *(Memorandum in Support, Doc#146) (Ex. E)* (Deposition of Dana Becker Pages 40-54 December 5th, 2019 in the above entitled case) *(app #14)*.    *Callahan v. United Gov't of Wyandotte Civ*.806 F. 3d 1022, 1027(10th Cir. 2015) (internal citations omitted).    Dana Becker and CYFD are not entitled to summary judgment and or qualified immunity as the material facts as set forth in the Defendants, Undisputed Facts and the facts as set forth in the Motion for Issue Preclusion show that Dana Becker knew of the Constitutional Rights of the Everharts and still withheld the

Children from them until the Termination Hearing in 2015, and continuing for over

a period of over five (5) years. (Memorandum in Support, Doc. #146) (Ex. E) *(app*

*#14)* The *Deposition of Dana Becker* taken on December 5, 2019, Pages 40 through

54, *(Memorandum in Support, Doc.#146)(Ex. E) (app #14).* The facts of the above

entitled case, show Dana Becker, knew that there was a clearly established right and

she knew that a reasonable person in her position, and her conduct thereto, was

unlawful, in the light of the situation which she was confronted with. *Holland vs.*

*Harrington, 268 F. 3d 1179, 1186 (10th Cir. 2001).* With regards to the claims

against CYFD being dismissed for failure to establish a policy or custom which

caused the Everharts injuries, the Defendants admitted the facts as set forth in the

Motion for Issue Preclusion, and those facts show that the action by CYFD were the

results of deliberate indifference over a five (5) year period of time, until termination

in August of 2015. (*Motion for Summary Judgment, Doc #144) (app #12)* CYFD

should not be dismissed, as the official policy or custom over the five (5) year period

of withholding the Everhart Children from the Parents shows that the government's

inaction was a result of deliberate indifference. *Martinez v. Uphoff, 265 F. 3d 1130,*

*1134, (10th Cir, 2001).* With regard to the Everharts lack of standing for S.E. BOY

II., and S.E. GIRL, the Everhart's are not suing the Department in the above entitled

case for a return of their minor Children, but are suing for a violation of their

Constitutional Rights and the minor Children's Constitutional Rights, that being the

Right to a Familial Relationship, Due Process Rights, Substantive Due Process Rights, by the Department. The Children's rights are not adverse, to the Parents, as they also enjoy the same rights the Parents have under the Constitution. The conflict or adversity of the Children's rights verses the Parents Rights are only when the Department sets forth that there has been an abuse or neglect by the Parents over their minor Children. The Amended Complaint does not allege a pending abuse and neglect Petition, except the one pending in the State Court which was adjudicated.

## III.
## CONSTITUTIONAL RIGHT OF FAMILIAR ASSOCIATION

The Everharts also filed in their Amended Complaint, a Right to a Family Association, which is clearly an established Constitutional Right, pursuant to *Thomas vs. Kaven* 765 Fed 3d, 1183 (2014) *Malick vs. Arapahoe County and Social Services* 191 Fed 3d, 1306 CO, 1999, *Zane vs. Kramer* 195 Fed Sup 3d, 1243 (W.O. OK) 2016. The United States Court of Appeals 10th Circuit has recognized the right of a Family Association as being a Constitutional Right, pursuant to the 14th Amendment Substantive Due Process clause. *Thomas vs. Kaven, supra*; *Malick vs. Arapahoe County and Social Services; supra*. The Everharts did not ask for relief for the return of their minor Children, S.E. BOY II., and S.E. GIRL, in the present case. The Plaintiffs' have also filed their Motion for Issue Preclusion in the United States District Court for the District of New Mexico for the purpose of proving the essential and material facts that Dana Becker, Individually and as a supervisor for

CYFD violated the Everharts' right to a family association. (*Amended Complaint, Doc.# 109*) *(app #7)*   The New Mexico Court of Appeals in its decision of June 8th, 2017, and an Opinion date of July 26, 2017, did not address the issues of due process, substantive due process, familial violation, or any violations of the New Mexico Constitution or the United States Constitution. (*Memorandum in Support, Doc #146) (Ex. B); (Court of Appeals Decision #1, P.#18) (app #14)* Prior to the termination of parental rights by Judge Ray Romero, of the Fifth Judicial District Court, County of Lea, State of New Mexico, the case of *Thomas v. Kaven 765 Fd. 3, 1183* (2014) was decided by the United States Court of Appeals and held:

> "Governments separating a parent from child even for a short time, represents a serious impingement on the Parents rights to a familiar association; and a parent must allege; intentional interference with this right, that is the Defendant must have known its conduct would adversely affect that relationship." *PJ ex. rel. Jensen v. Wagner, 603 Fd. 3, 1182, 1196-97 (10th Cir. Ct 2010)*.

In *Thomas v. Kaven, supra*., and in *Griffin vs. Strong 983 F.d 2., 1544, 1547 (10th Cir. Ct.1993*) The cases state that a familiar association right is grounded in substantive due process arising from allegations of government authority. *Malik vs. Arapahoe County Department of Social Services (191 Fed.3, 1306, CO.),* decided by the 10th Cir. Ct. on September 14, 1999, also recognized the Constitutional claims, deprivation of rights to a familiar association, privacy, counsel and freedom from unlawful searches and seizures and due process of law.   Clearly the Constitutional Right of Familiar Association was clearly a Constitutional Right recognized by the

State of New Mexico and Dana Becker, Individually, and Supervisor for CYFD between June 2010 through August 18, 2015. *(Memorandum in Support, Doc.# 146) (Ex. A, B, E) (Fifth Judicial District Courts Findings of Fact and Conclusions of Law)(Ex. A)(Court of Appeals Decision #1) (app #14) (See Deposition of Dana Becker, P. 40 – 54, December 5, 2019)*. Dana Becker knew that there was clearly a Constitutional Right and she knew that a reasonable person in her position and the conduct thereto was unlawful in light of the situation, she was confronted with. (*See Casey v. W. Las Vegas Independent Schools District*, 473 F.3d) Both the Court of Appeals and the State District Court opined that the parent child relationship between the Everharts and the minor Children had disintegrated, and was not in existence because of the lack of contact with the minor Child S.E. GIRL and the Everharts. *(Memorandum in Support, Doc. # 146) (Ex. G) (P. 34 – 37) (app #14)*

## IV.
## THE RIGHT TO PROCEDURAL
## DUE PROCESS AND SUBSTANTIVE DUE PROCESS

The Motion for Issue Preclusion, setting forth the Fifth Judicial District's Court's Findings of Fact and Conclusions of Law, were not disturbed upon by the Court of Appeals for the State of New Mexico. The Everharts have shown *(Motion for Issue Preclusion, Doc.#132), (Memorandum in Support, Doc.#146), (app#9, #14)* and the Deposition of Dana Becker. (*Memorandum in Support, Doc. #146) (Ex.G) (app #14),* unequivocally that there was a violation of the Procedural Due

Process and Substantive Due Process of the Civil Rights of the Everharts and their

minor Children.   The (*Deposition of Dana Becker, taken on December 5, 2019,*

*Pages 40-54*), shows that she knew that there was a clearly established right and she

knew that a reasonable person in her position and the conduct thereto was unlawful

in light of the situation, which she was confronted with.   *Holland vs. Harrington*,

268 F. 3d 1179, 1186 (10th Cir. 2001).   *(Memorandum in Support, Doc.#146) (Ex.*

*E) (app #14)* (*Deposition of Dana Becker, P.44-47*) The Court of Appeals reversed

the order of termination on the basis of abandonment because the District Court

failed to enter any Findings of Fact or Conclusions of Law regarding the Everharts

causing the disintegration of their relationship with S.E. GIRL, which was an

essential element of termination by abandonment. *(Memorandum in Support,*

*Doc.#146, P.51)(Ex.B)(app#14) Court of Appeals Decision #1*, reached the

conclusion that there was no evidence the Everharts "caused the delays that

undoubtedly contributed to the disintegration of the parent-child relationship with

[S.E. GIRL]."  The Court of Appeals primarily faulted CYFD for disintegration of

the relationship. *(Memorandum in Support, Doc.#146) (Ex. B) (Court of Appeals*

*P.58-59) (app #14).*   Additionally, the Court of Appeals noted that in 2013 the Court

appointed Mediator, Mr. Ted Woodridge, "who completely failed to address

visitation and contact" with S.E. GIRL. The Court of Appeals opined that there was

no evidence in the record that visitation with S.E. GIRL was withheld because the

Everharts acted improperly. The Court of Appeals was also troubled by CYFD's lack of clarity on what was required with respect to the Everharts treatment therapy. Notwithstanding which party caused the disintegration of the parent-child relationship, the Court of Appeals remanded the case back to the Fifth Judicial District Court to determine custody of S.E. GIRL based on her best interests, as she had no memory of the Everharts as her Parents. The Everharts continued to have parental rights over S.E. BOY II., who could return home in the future. *(Memorandum in Support, Doc. #146) (Ex. B) (Court of Appeals Decision #1, P. 62-70) (app #14)*

## CONCLUSION

Summary Judgment should not be granted on behalf of the Defendants. There was a clear violation of the Constitutional Rights of the Everhart's and their minor Children. *Kaven supra*., and *Arapahoe County Supra*. The Defendants are not entitled to Qualified Immunity or Summary Judgment because the facts as set forth in the Plaintiffs Everharts undisputed facts in (*Motion for Issue Preclusion) (app#9)* filed by the Plaintiffs, and as facts set forth, in the Defendants' undisputed facts (*Motion for Summary Judgment)(app# 12),* is not appropriate. Furthermore, the testimony and Deposition of Dana Becker unequivocally shows that she Individually, and CYFD as a whole, violated the Civil Rights of the Everharts and the minor Children through their procedural chaos, prior to the Judgment of

Termination by the State Court, and overturned by the State Court of Appeals #1, (*Memorandum in Support, Doc. #146) (Court of Appeals Decision #1) (Ex. B) (app #14).* Furthermore, the Motion for Issue Preclusion and facts as set forth therein prior to August 18, 2015, should be confirmed and adopted by the District Court and should not be allowed to be controverted at the time of trial by the Defendants. The acts of Dana Becker and CYFD show that there was a Constitutional Violation of the Everharts and their Childrens', Familial Rights.

## ORAL ARGUMENT

The Everharts request an oral argument before the 10th Circuit Court of Appeals.

## UNITED STATE COURT OF APPEALS
## FOR THE TENTH CIRCUIT

**EVERHART, et. al,**

      **Appellant,**

v.                    **No. 20-2078**

**CYFD,**

      **Appellee.**


### CERTIFICATE OF SERVICE

I hereby certify that on _____March 2, 2021_____ I served a copy of
                                [date]

The Brief in Chief_,

to:

___Bryan Evans ___, at PO box 700, Roswell NM 88202-0700- and
bevans@atwoodmalone.com

_____

_____, the last known

address/email address, by    USPS and email.

3 - 2 - 21
_____
Date

_____
Signature

## UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

**Everhart,**

      **Appellant,**

                              **No. 20-2078**

**CYFD,**

      **Appellee,**

### CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

Certificate of Compliance With Type-Volume Limit,
Typeface Requirements, and Type Style Requirements

1. This document complies with [the type-volume limitation of Fed. R. App. P.
[*insert Rule citation; e.g., 32(g)*]] [the word limit of Fed. R. App. P. [32(a)(5) and
32(a)96)] because, excluding the parts of the document exempted by Fed. R. App.
P. 32(f) [and [insert applicable Rule citation, if any]]:

    [X ] this document contains <8761> words, or

    [X ] this brief uses a monospaced typeface and contains <808> lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P.
32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    [X ] this document has been prepared in a proportionally spaced typeface
    using <Microsoft Word> in <14 font size and Times New Roman style>, or

**COC-1** Certificate of Compliance – 12/2016

[ X] this document has been prepared in a monospaced typeface using <Microsoft Word Wordprocessing program> with <54540 characters per inch and Times New Romans type style>.

Date:

Max Houston Proctor
Attorney for Appellant
728 W. Silver
Hobbs NM 88240
maxproctorlaw@gmail.com
575-392-1521

**COC-1** Certificate of Compliance – 12/2016

# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

**EVERHART et.al,**

     **Appellant,**

**Vs.**                 **No. 20-2078**

**CYFD,**

     **Appellee,**

## CERTIFICATE OF DIGITAL SUBMISSION

I hereby certify that with respect to the foregoing:

> (1) all required privacy redactions have been made per 10th Cir. R. 25.5;
>
> (2) if required to file additional hard copies, that the ECF submission is an exact copy of those documents;
>
> (3) the digital submissions have been scanned for viruses with the most recent version of a commercial virus scanning program, {Microsoft Word, 2016, AVG Virus Program, December 2020}, and according to the program are free of viruses.

MAX HOUSTON PROCTOR